UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARRIETA, SULINA QUAIR, LAURA VASQUEZ, MELISSA QUAIR, and MARIA MELENDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, DETECTIVE KIMMEL, DETECTIVE BREWER, SERGANT SMALLWOOD, and DOES 1 to 100, Inclusive,<br><br>Defendants. | 1:15-cv-00706 LJO JLT<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS (Doc. 12) |

## I. INTRODUCTION

Plaintiffs claim to have witnessed and/or videotaped a violent encounter on or about May 7, 2013 between unnamed Kern County Sheriff's Office (KCS) Deputies and a man unrelated to Plaintiffs. Plaintiffs claim to have been subjected to unlawful treatment when KCS Deputies attempted to retrieve the cellular telephones on which videos had been recorded.

## II. FACTUAL BACKGROUND[1]

On May 7, 2013 Plaintiffs Maria Melendez, her daughters Sulina and Melissa Quair, and their friends Laura Vasquez and Francisco Arrieta were all at the Kern Medical Center in Kern County, CA. Compl., Doc. 2, ¶ 17. Around midnight Plaintiffs observed members of the Kern County Sheriff's Department beating an unrelated man. *Id.* Mr. Arrieta and Ms. Melendez recorded the incident using their cell phones. *Id.* at ¶¶ 18-19.

---

[1] These background facts are drawn from the Complaint, the truth of which the court must assume for purposes of a Rule 12(b)(6) motion to dismiss.

1

Around 12:15 am the next morning, Sulina Quair reported these activities to the Bakersfield Police Department. *Id.* at ¶ 20. Shortly thereafter, KCS Officer Sgt. Smallwood contacted Ms. Quair and instructed her not to disseminate the recordings to others or on social media. *Id.* Around 12:30 am, Sgt. Smallwood contacted Officers Kimmel and Brewer and ordered them to retrieve the cell phones with the footage on them. *Id.* at ¶ 21. Around 1:00 am, Kimmel, Brewer and a number of other KCS officers arrived at Melissa Quair's apartment, where she, Arrieta, Vasquez and Sulina Quair were present. *Id.* at ¶ 22. The officers demanded to enter and forced their way in the apartment. *Id.* at ¶ 23. The officers did not receive consent to enter the apartment and did not have a warrant. *Id.* at ¶¶ 24-25. Officers demanded that Arrieta give them his cell phone, but Arrieta refused. *Id.* at ¶¶ 26-27. Plaintiffs asked the officers to leave, but they refused to leave the apartment without Arrieta's phone. *Id.* at ¶ 32. Plaintiffs then attempted to leave the apartment, but officers would not let them. *Id.* at ¶¶ 34, 39. Plaintiffs allege that the officers "grew more and more upset," and threatened them saying, "we can do this the easy way or the hard way." *Id.* at ¶¶ 36-37. Plaintiffs allege that the officers would "push, shove, and/or elbow each of them back into their seats while yelling . . ." *Id.* at ¶ 38. The officers told Plaintiffs that if they posted the videos to the internet they would be taken to jail. *Id.* at ¶ 40. The officers searched Melissa Quair's personal belongings, including "her purse, drawers and/or bedroom." *Id.* at ¶ 42. Officers searched Arrieta's phone without permission, and obtained downloaded copies of the videos in question. *Id.* at ¶¶ 43-44. Officers told Arrieta that they had a "Judge order" to take the phone, but did not show Plaintiffs a copy. *Id.* at ¶ 44. Officers "threatened and/or insinuated" that they would arrest Arrieta if he did not turn over the phone. *Id.* Eventually, Arrieta turned over his phone to the officers. *Id.* at ¶ 45. Mr. Arrieta was able to obtain his phone a week later. *Id.* at ¶ 49. However, much of the personal information contained on his phone was erased, including some of the videos of the night in question. *Id.* at ¶ 49.

Plaintiffs allege that Smallwood and other officers returned to Ms. Quair's apartment around 10 am on May 8, 2015 and demanded that Plaintiffs produce the other cell phone used to record the

previous night's encounter. *Id.* at ¶ 50. Smallwood would not let Melissa Quair leave the apartment, nor would he allow her children to enter. *Id.* At some point, Smallwood seized Ms. Quair's phone. *Id.* About three or four hours later, Plaintiffs were told that the officers had obtained a search warrant, but no warrant was provided to them. *Id.* Plaintiffs allege that they have suffered because of these actions. *Id.* at 58.

### III. PROCEDURAL HISTORY

This case is related to cases consolidated under lead case *Arrieta v. County of Kern*, 14-cv-00400-LJO-JLT. In those cases, Plaintiffs filed complaints against the County and unidentified KCS officers, alleging claims similar to those brought in the above-captioned case. Defendant County of Kern moved to dismiss these cases. After consolidating the cases, the Court granted Defendant's motions to dismiss in part, and allowed Plaintiff leave to amend most of the dismissed claims. *Id.* at Docs. 12 & 28. On May 12, 2014 minor T.A. filed a related case, through his guardian ad litem. *T.A. v. County of Kern*, 1:14-cv-00717-LJO-JLT, Doc. 1. This case was consolidated with the other five cases on May 21, 2014. Doc. 15.

Plaintiffs in the consolidated cases filed a single amended complaint on July 15, 2014. First Am. Compl. ("Consolidated FAC"), Doc. 32. The Consolidated FAC added Deputies Enrique Bravo and Rutledge as named Defendants. *Id.* Defendants moved for summary judgment as to the named Defendants. *Id.* at Doc. 47. This motion was granted to both of them as to their liability under California Civil Code Sections 51, 51.5, 51.7, and 52.1 and as to Rutledge as to his liability for federal civil rights claims. *Id.* at Doc. 55.

On May 7, 2015, Plaintiffs filed the above-captioned case against Defendant KCS Officers Smallwood, Kimmel, and Brewer, as well as new *Monell* claims against the County of Kern. Compl. ¶ 21.

Now before the Court is Defendants' Motion to Dismiss, submitted on June 23, 2015. P. & A. in Supp. of Mot. to Dismiss ("MTD"), Doc. 12-1. Defendants argue that claims against the County are

precluded and that Plaintiffs fail to allege plausible claims against Sgt. Smallwood. *Id.* at 4-7. Plaintiffs filed their Opposition on July 24, 2015.[2] Defendants replied July 29, 2015. Defs.' Reply on Mot. to Dismiss ("Reply"), Doc. 15. The Court vacated the hearing set for August 6, 2015 pursuant to Local Rule 230(g).

### IV. **STANDARD OF DECISION**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[2] As Defendants point out, Plaintiffs' opposition was not timely filed. Nor did Plaintiffs seek leave to late file. The Court will forgive this instance. Plaintiffs are warned that their case may be dismissed if they violate the rules of this Court again. *See* Fed. R. Civ. P. 41(b).

4

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the Complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. ANALYSIS

### A. Claims Against Sgt. Smallwood

Plaintiffs allege that Smallwood is liable for ordering officers to seize the phones without a warrant in the context of the first visit the residence (hereinafter, the "Early Morning Events") and that Smallwood was liable in his capacity as the highest-ranking officer on scene at the second visit to the house (hereinafter, the "Late Morning Events"). Compl. ¶ 50. Defendants argue that these facts are insufficient and allege and that Smallwood cannot be liable simply because of his rank. MTD at 7; Reply at 3.

Defendants are correct that a supervisor may only liable for constitutional violations of his subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, however, Plaintiffs allege that Smallwood ordered his subordinates to seize Arrieta's phone during the Early Morning Events, Compl. ¶ 21, and that he was personally involved in the seizures alleged during the Late Morning Events, Compl. ¶ 50. Thus, Plaintiffs sufficiently allege that Smallwood "participated in

or directed the violations." *Taylor*, 880 F.2d at 1045. Accordingly, the Court DENIES Defendants' motion to dismiss claims against Smallwood.

B.  **Claims Against the County**

Plaintiffs also bring *Monell* claims against the County of Kern, alleging that the County "maintained or permitted an official policy, custom, or practice of knowingly permitting the occurrence of the type of wrongs set forth above . . ." Compl. ¶¶ 65 & 77. Defendants argue that because claims against the County in this case are nearly identical to those brought in the consolidated cases, they are barred by the doctrine against claim-splitting. MTD at 4.

Generally, claims are precluded where: "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). Plaintiffs argue that their claims are not precluded because the consolidated cases have not been fully adjudicated yet. Opposition at 2. In the Ninth Circuit, however, claims may also be barred under the related doctrine of claim-splitting; this is because plaintiffs have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)).

To evaluate whether an action should be barred for claim-splitting, a court must examine "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. Here there is no question that the same plaintiffs bring claims against the County of Kern or that the County of Kern is named as a defendant in the consolidated cases. *See* Consolidated FAC ¶ 8. Plaintiffs, however, argue that the instant case is not precluded because its claims against the County are based on the conduct of the three newly identified defendants. Opposition at 3.

To determine if the claims are the same, courts in the Ninth Circuit applies a "transaction test,"

which examines the following factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
> (2) whether substantially the same evidence is presented in the two actions;
> (3) whether the two suits involve infringement of the same right; and
> (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689 (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.1982)). "The last of these criteria is the most important." *Id.* Plaintiffs do not dispute that the facts alleged in the instant case are mostly similar to those alleged in the consolidated cases. Nor do Plaintiffs argue that different rights or legal claims are invoked, or that different evidence would be needed to prove claims against the County in this case. Rather, Plaintiffs contend that their new claims against the County are not duplicative because they are predicated on the conduct of the new defendants. Opposition at 3. The Court finds this argument unpersuasive. The same underlying conduct is alleged in all the cases. The only difference is that the actions are attributed to named defendants in this case. The fact that there are names attached to the conduct at issue does not alter the rights or interests that exist between Plaintiffs *and the County*. Similarly, the instant complaint does not expand or alter the factual nexus alleged previously as far as the County is concerned. Therefore, this Court finds that these claims are duplicative and should be dismissed.

## VI. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS in PART and DENIES in PART Defendants' motion to dismiss, Doc. 12.

The Court DENIES Defendants' request to dismiss claims against Sgt. Smallwood.

The Court GRANTS Defendants' request to dismiss claims against the County of Kern. These claims are dismissed with prejudice because they are precluded by claims brought in a related case.

In light of the substantial overlap between this case and the cases consolidated under lead case

14-cv-00400 LJO JLT, the parties are ORDERED TO SHOW CAUSE IN WRITING, on or before August 17, 2015, why these cases should not be consolidated for all pretrial purposes.

IT IS SO ORDERED.

Dated:   **August 3, 2015**              **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE